IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JOEL WINNIG,
CANDIDATE FOR SUPREME COURT
JUSTICE, SUPREME COURT OF WISCONSIN,**

      **Plaintiff,**

v.

**JAMES C. ALEXANDER, IN HIS OFFICIAL
CAPACITY AS THE EXECUTIVE DIRECTOR
OF THE WISCONSIN JUDICIAL COMMISSION;
DONALD LEO BACH, IN HIS OFFICIAL CAPACITY
AS A MEMBER OF THE WISCONSIN JUDICIAL
COMMISSION AND AS REPRESENTATIVE OF
OTHER MEMBERS OF THE JUDICIAL COMMISSION,**

      **Defendants.**     **Case No. 10 CV 362**

## COMPLAINT FOR INJUNCTIVE
## AND DECLARATORY RELIEF

The plaintiff, Joel Winnig, Candidate for Supreme Court Justice of the State of Wisconsin, by his attorney, Joel Winnig, shows the court as follows:

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section Three of the Constitution of the State of Wisconsin. The complaint attacks the constitutionality of the portion of the Wisconsin Code of Judicial Conduct, found in Wisconsin Supreme Court Rule §60.06(4). Plaintiff states that Supreme Court Rule §60.06(4), which prohibits judges and judicial candidates from personally soliciting and accepting contributions for their own campaigns is unconstitutional as applied to plaintiff.

2. This rule was discussed and found to be unconstitutional in *Siefert v. Alexander*, 597 F.Supp. 2d 860, in this court on February 17, 2009, in case no. 08-CV-126-BBC, the Honorable Barbara B. Crabb presiding.

3. Plaintiff further states that the portion of the decision of Judge Crabb finding the rule (SCR §60.06(4) unconstitutional was overturned by the Seventh Circuit Court of Appeals on June 14, 2010, in the case of *Siefert v. Alexander*,--- F. 3d ---- , 2010 WL 2346659.

4. Plaintiff submits that this case is distinguishable from the *Siefert* case, supra, because plaintiff is seeking to have the rule declared unconstitutional only to the extent necessary to allow plaintiff to directly raise on his own the funds necessary to qualify for public financing under Chapter 11 of the Wisconsin Statutes, which were recently amended to create public financing for the candidates for the Justice of the Wisconsin Supreme Court for the primary election to be held February 15, 2011, if applicable, and the general election to be held April 5, 2011.

## JURISDICTION AND VENUE

5. This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. §1983, the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Section Three of the Constitution of the State of Wisconsin.

6. The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded upon 28 U.S.C. § 1343(a). The jurisdiction over the claims arising under the First and Fourteenth Amendments is founded upon 28 U.S.C. §§ 1331 and 1343(a).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Joel Winnig is an individual and a resident of Madison, Dane County, Wisconsin.

9. Plaintiff Joel Winnig is a declared candidate for the Office of Justice of the Supreme Court of the State of Wisconsin. He filed his nomination papers with the Government Accountability Board of the State of Wisconsin, pursuant to requirements of Chapter 11 of the Wisconsin Statutes on June 24, 2010.

10. Plaintiff Joel Winnig filed a letter with his candidate registration form declaring that he was campaigning for the office with the intention of qualifying for public financing as provided for in Chapter 11 of the Wisconsin Statutes.

11. Upon filing his Declaration of Candidacy with the Government Accountability Board, plaintiff Joel Winnig immediately became subject to portions of the Wisconsin Code of Judicial Conduct (the Code), found in Chapter 60 of the Wisconsin Supreme Court Rules, SCR §60.01 et seq. Portions of the code are made specifically applicable to candidates for judicial office as well as holders of judicial office.

12. The Defendants are members or employees of the Wisconsin Judicial Commission ("Commission"), sued in their official capacities: James C. Alexander (Executive Director), and Donald Leo Bach, member. The Commission was created pursuant to Article 7, Section 11 of the Wisconsin Constitution and with the inherent power of the Wisconsin Supreme Court, codified by the Wisconsin legislature in §§ 757.81- 757.99 of the Wisconsin Statutes. The executive director of the Commission investigates any allegation of misconduct by a judicial official and makes an initial determination of whether it warrants review by the Commission. Wis. Admin. Code § JC 4.01. The Commission may then authorize the executive director to conduct a full, fair, and prompt investigation of any violation of the Code of Judicial Conduct and present the findings to the Commission. Wis. Admin. Code § JC 4.03. The Commission is then empowered to determine whether to file formal charges against a judicial officer in the Wisconsin Supreme Court. Wis. Stat. § 757.85(5). If formal charges are filed, the Commission may authorize the executive director or other counsel to prosecute the case on behalf of the Commission. Wis. Admin. Code § JC 4.08(6), § JC 6.01.

## FACTS

13. Wisconsin state court judges, if not appointed pursuant to provisions of the Wisconsin Constitution, are selected through a process of non-partisan elections. Regulation of the conduct of candidates for judicial office is governed by portions of the Wisconsin Code of Judicial Conduct.

14. On October 29, 2004, the Wisconsin Supreme Court issued Order 00-07, which made amendments to the code, creating the present SCR 60.06(4), which provides the "judge, candidate for judicial office, or judge-elect shall not personally solicit or accept campaign contributions.", i.e., the solicitation clause.

## **VIOLATION OF RIGHTS OF FREEDOM OF ASSOCIATION AND SPEECH**

15. Plaintiff Joel Winnig, to his knowledge, is the first person in Wisconsin history that has sought the Office of Supreme Court with the stated intention to qualify for the public financing provisions of Chapter 11 of the Wisconsin Statutes.

16. Chapter 11 was amended in April of 2010 by the Wisconsin Legislature to be effective May 1, 2010. Under the public financing scheme contained in Chapter 11, a candidate seeking public financing can only raise and retain up to $5,000 "seed money". The candidate may expend the "seed money" to attempt to raise qualifying contributions. No contribution may exceed $100. (Wis. Stat. §11.508)

17. Qualifying contributions consist of donations from Wisconsin individuals who give at least $5. [Wis. Stat. §11.501(16)]

18. A candidate may qualify for public financing if he or she receives donations of $5 or more from over 1,000.00 eligible voters, (Wis. Stat. §11.502).

19. Pursuant to the provisions of the statute, the candidate may not retain "qualifying money" of more than $15,000. Any contributions received in excess of this limit must be turned over by the candidate to a state controlled fund. (Wis. Stat. §11.509)

20. Plaintiff Joel Winnig wants to make personal solicitations to obtain all the funds necessary to qualify for public financing. It is an important part of his message in his campaign and his right to free speech to demonstrate that he has the capability and knowledge of the law, as well as the energy, creativity, and dedication to the people and constitution of the State of Wisconsin to raise all the necessary funds, totally on his own.

21. Although plaintiff believes he is capable of obtaining these funds through methods currently allowed by the code, he believes the code prevents him from exercising his rights of free speech and freedom of association.

22. Plaintiff Joel Winnig as a candidate is chilled from making personal solicitations and from campaigning in the manner in which he chooses because he fears discipline under the solicitations clause of the code.

23. Plaintiff Joel Winnig has exhausted all extra judicial means at his disposal to resolve this matter before proceeding to file this complaint.

24. Plaintiff has no adequate remedy at law.

25. The Seventh Circuit recently ruled in *Siefert v. Alexander*, supra, that SCR §60.06(4), did not unconstitutionally infringe freedom of speech.

26. *Siefert v. Alexander* can be easily distinguished from the instant case because in *Siefert*, the plaintiff was a circuit judge before whom lawyers regularly appeared. Plaintiff Joel Winnig is a candidate for Justice of the Wisconsin Supreme Court, and it is unlikely that he would directly solicit funds from a lawyer who is likely to appear before the Supreme Court, and if he did, the amount would be $100 or less.

27. Further, and more importantly, the restrictions on the amount of funds which can be solicited or voluntarily accepted by plaintiff when he has declared his candidacy to be one seeking to qualify for public financing, prevents and totally eviscerates the corruption concern stated in the *Siefert* case. The largest contribution that can be sought by plaintiff is $100 and the bulk of the contributions will necessarily be lower than $15. This is true because any "qualifying money" received over $15 will result in the candidate reaching the $15,000.00 limit before he reaches the required number of electors making contributions, i.e., one thousand. Therefore, the fact that the bulk of the contributions to the candidate will be less than $15 makes any concern about potential corruption or the appearance of corruption inapplicable.

28. It cannot reasonably be argued that a Supreme Court Justice could be corrupted by $5, $15 or even a $100 contribution.

29. To the extent that any remaining need for regulation is required, the rule should provide that no solicitations be made from a more narrow group than all the people in the world, or in a limited amount, but no such restriction has been imposed. The code is clearly unconstitutional and over-broad as applied to plaintiff's campaign, which is seeking public financing.

30. The overbreadth doctrine "permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep." *Morales*, 527 U.S. at 52 (internal citations omitted). As such, the overbreadth

doctrine prevents a law from having a chilling effect on protected speech. *Hodgkins*, 355 F. 3d at 1056.

31. The solicitation clause sweeps constitutionally protected speech within its scope, and is not narrowly tailored to further a compelling state interest, but is an over-broad, unconstitutional regulation of protected political speech under the First and Fourteenth Amendments. *White*, 416 F.3d at 766; *Weaver v. Bonner*, 309 F.3d 1312 (11th Cir. 2002).

32. Plaintiff Joel Winnig wants to make a point in his campaign that he is the first candidate who has sought public financing under Chapter 11 of the Wisconsin Statutes. He wants to show his general competence in handling business and legal matters, as well as his skills in organization and communication, by personally raising all the funds necessary to qualify for public financing.

33. When making his solicitations, plaintiff does not intend to pledge or promise any results in any particular cases. He is simply intending to ask people to support his fight for justice for all. He wants to convey his many campaign messages, among which are the self created doctrine of "Freedom. Truth. Responsibility."

34. Part of Plaintiff Joel Winnig's speech involves fighting for his freedom as well as the freedom of all citizens of Wisconsin. One way to demonstrate his commitment to freedom of speech is to exercise as much free speech as possible and to demonstrate his unwillingness to be encumbered by Supreme Court Rules that are unconstitutional.

35. The solicitation clause unconstitutionally prohibits plaintiff's speech protected by the First Amendment. It is not narrowly tailored to further a compelling state interest. It is over-broad and an unconstitutional regulation of plaintiff's political speech under the First and Fourteenth Amendments.

36. The solicitation clause is unconstitutional as applied to plaintiff because it restricts his freedom of association.

37. Plaintiff wants to associate with Wisconsin residents who support public financing for Supreme Court campaigns.

38. Plaintiff wants to further associate with a subset of those Wisconsin residents who support publicly financed campaigns for Supreme Court in a manner as significant as being willing to donate from $5 to $15 to make "qualifying

contributions" or who might be willing to make contributions as high as $100 for allowed "seed money".

39. Plaintiff cannot identify those people with whom he wants to associate unless he is able to exercise his freedom of speech to ask someone if they would be one of those people with whom he wants to associate (identified above) and then further to have that person prove the same by actually making a donation.

40. SCR §60.06 (4) prevents the plaintiff from exercising his right to freedom of association. Because SCR §60.06(4) impinges on plaintiff's First Amendment rights of freedom of speech and association, the code, as applied to the plaintiff, constitutes an unconstitutional regulation of protected political speech and association and is violation of the First and Fourteenth Amendments.

## VIOLATION OF WISCONSIN CONSTITUTIONAL RIGHTS

41. Plaintiff realleges the preceding paragraphs.

42. SCR §60.06(4) violates the plaintiff's rights under the Wisconsin Constitution, Article 1, section 3, which provides that "every person may freely speak, write, and publish sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press."

43. The above described facts, constitute a violation of plaintiff's rights under the Wisconsin Constitution, as well as the United States Constitution as described above.

## REQUEST FOR RELIEF

44. Plaintiff realleges the previous paragraphs.

WHEREFORE the plaintiff requests this court to:

a. Declare Wisconsin Supreme Court Rule SCR §60.06(4) unconstitutional and over-broad in violation of the First and Fourteenth Amendments to the United States Constitution and in violation of Article 1, section 3 of the Wisconsin Constitution, as applied to candidates who declare themselves as attempting to qualify for publicly financed Supreme Court elections.

b. Declare Wisconsin Supreme Court Rule §60.06(4) unconstitutional as applied to plaintiff on the grounds that it chills and prohibits plaintiff's free speech rights under the First and Fourteenth Amendments of the United States Constitution.

c. Declare Wisconsin Supreme Court Rule §60.06(4) unconstitutional as applied to plaintiff on the grounds that it chills and prohibits plaintiff's freedom of association rights under the First and Fourteenth Amendments of the United States Constitution.

d. Prohibit, by way of preliminary and permanent injunction, the defendants, their agents, and successors from enforcing Wisconsin Supreme Court Rule §60.06(4), and from filing, initiating, or considering complaints based on SCR §60.06(4) against Joel Winnig as a candidate for Wisconsin Supreme Court Justice or other judges or other judicial candidates who are seeking the office of Justice of the Wisconsin Supreme Court and who have declared themselves to be voluntarily subject to the "public financing" provisions of Chapter 11 of Wisconsin Statutes.

e. Grant plaintiff's costs and attorney's fees to Attorney Joel Winnig, acting as attorney for plaintiff Joel Winnig, candidate for Justice of the Supreme Court for the State of Wisconsin, pursuant to 42 U.S.C.§1988 and any other applicable authority; and grant plaintiff such other and further relief as may be just and equitable.

Dated this 29th day of June, 2010.

Respectfully submitted,

/s/
Attorney Joel Winnig
Attorney for Joel Winnig,
Candidate for Wisconsin Supreme Court Justice