IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL WINNIG, Candidate for
Supreme Court Justice, Supreme
Court of Wisconsin,

                Plaintiff,

v.

KEITH L. SELLEN, in his official
capacity as the Director of the Office
of Lawyer Regulation, an operating
subsidiary of the Supreme Court of
Wisconsin,

                Defendant.

ORDER

10-cv-362-slc[1]

---

Plaintiff Joel Winnig wants to solicit and accept personally campaign contributions from potential voters in hopes of qualifying to receive the public financing benefit in his campaign for a position as a justice on the Wisconsin Supreme Court in the upcoming April 2011 election. Wisconsin Supreme Court Rule 60.06(4) forbids such actions. Winnig sought a temporary restraining order (dkt. #10) preventing SCR 60.06(4) from applying to him, which the court denied (dkt. #21). Winnig has filed a motion asking the court to reconsider its denial of his TRO. Dkt. #22. For the reasons below, the motion to reconsider will be denied.

"A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Ahmed v. Ashcroft*, 388

---

[1] Because the parties' decisions on whether to consent to Magistrate Judge Crocker's jurisdiction have not yet been filed, District Judge Conley will preside over this case until those decisions are filed.

F.3d 247, 249 (7th Cir. 2004). Here, Winnig provides no new facts or arguments that would persuade the court to change its mind and grant his TRO. In particular, he advances no new, meaningful distinctions between *Siefert v. Alexander*, No. 09-1713, 2010 WL 2346659, at *14 (7th Cir. June 14, 2010) and his case. Winnig, again, focuses on the fact that he plans to conduct a publicly-funded campaign involving limited financial contributions from the public generally and any single person specifically. As explained in the court's previous order, however, this distinction does not change the application of *Siefert* to Winnig's claim for relief. *See* Order Den. TRO, dkt. #21, at 3-4 ("While the solicitation or giving of very large contributions may escalate the impropriety, it is the personal solicitation by the judicial candidate that creates the appearance of corruption and partiality. *Id.* at *14 ('the personal solicitation itself presents the greatest danger to impartiality and its appearance')".).

Winnig argues that an additional distinction is his freedom of association claim, which the plaintiff in *Seifert* did not raise. Winnig, however, fails to explain how SCR 60.06(4) prohibits him from associating with people who want to donate or even who have donated to his campaign. The rule prohibits him from directly soliciting money from people or taking an unsolicited contribution from them without the money going through some third party, such as a campaign manager. Winnig need not engage in either prohibited action to associate with anyone. As explained in the court's earlier decision, some of the facts in *Seifert* are different than those in Winnig's case, but not materially so.

In addition to requesting reconsideration of the denial of his TRO, Winnig requests

2

that the briefing schedule for his preliminary injunction motion be amended so that defendant's response is due July 26, 2010, as opposed to August 9, 2010. The court notes that although Winnig did not file a brief or findings of fact with his initial or amended motions for a preliminary injunction, he has since filed both documents, *see* dkts. ##16 and 17. The court also notes that Winnig has indicated his intent not to submit any additional materials beyond what is already in the record. Because Winnig's complete submissions have been filed with the court and served on defendant, defendant's response deadline will be moved up to July 26th.

## ORDER

IT IS ORDERED that

(1) Plaintiff Joel Winnig's motion for reconsideration of the denial of his emporary restraining order (dkt. #22) is DENIED;

(2) The August 9, 2010, deadline for defendant's response to plaintiff's motion for preliminary injunction (dkt. #9) is stricken and defendant's response is now due July 26, 2010.

Entered this 9th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge