IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL WINNIG, Candidate for
Supreme Court Justice, Supreme
Court of Wisconsin,

                            Plaintiff,                    OPINION AND ORDER

     v.

                                           10-cv-362-wmc

KEITH L. SELLEN, in his official capacity
As the Director of the Office of Lawyer
Regulation, an operating subsidiary of the
Supreme Court of Wisconsin,

                           Defendant.

---

Plaintiff Joel Winnig alleges that Wisconsin Supreme Court Rule 60.06(4) violates his federal and state constitutional rights to free speech and association because it bars him from personally soliciting and accepting campaign contributions from potential voters while a candidate for a position on the Wisconsin Supreme Court in the upcoming April 2011 election.  Winnig's motion for a temporary restraining order was denied on July 7, 2010 (dkt. #21), and his motion for reconsideration of the denial of his TRO was denied two days later (dkt. #28).  Because plaintiff has little or no chance of success on the merits in light of *Siefert v. Alexander*, 608 F.3d 974 (7th Cir. 2010), and has failed to establish that any harm done his candidacy outweighs the potential harm that would be caused by enjoining the State's enforcement of Rule 60.06(4), his motion for a preliminary injunction will now also be denied.

REQUESTS TO SUPPLEMENT RECORD

Winnig requests an evidentiary hearing and oral argument before the court rules on his motion for a preliminary injunction.  Dkts. ## 24 & 26.  Specifically, plaintiff contends that the only way the court can fully understand the difference between the facts of his case and those in *Siefert* is by his demonstrating the manner in which he personally intends to engage in solicitations.

Neither Rule 60.06(4), nor the Seventh Circuit's decision in *Siefert*, turns on the manner in which a judicial candidate asks for monetary contributions to his or her campaign.  For purposes of this motion, however, the court will assume Winnig's intent is to solicit funds in small amounts in the most innocuous way possible.  Still, the question remains whether the State of Wisconsin may regulate this conduct.  Since a video of his proposed solicitation is the only additional "evidence" Winnig seeks admitted, his request for an evidentiary hearing will be denied.

Plaintiff has also failed to persuade the court that oral argument is necessary to appreciate his arguments fully.  His argument is simple: (1) he wants to qualify for public financing without the assistance of others by personally soliciting and accepting campaign contributions from potential voters; (2) he believes Rule 60.06(4)'s prohibition on this conduct by candidates running for the Wisconsin Supreme Court violates his rights to free speech and association; and (3) he would distinguish the Seventh Circuit's ruling in *Siefert* because he would be soliciting and accepting smaller monetary contributions than the plaintiff in *Siefert*.  Nothing about this argument is so complex or nuanced as to require further explication by counsel.  Plaintiff's oral argument motion accordingly will be denied.

OPINION

To obtain a preliminary injunction, plaintiff must demonstrate "(1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted.  If [plaintiff] meets the first three requirements, then the district court balances the relative harms that could be caused to either party."  *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) (internal quotations omitted).   Because "loss of First Amendment freedoms is presumed to constitute an irreparable injury for which money damages are not adequate," plaintiff has satisfied the second and third requirements.  *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).   An irreparable injury alone, however, is not sufficient to support an injunction.  *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009).  Because plaintiff has very little, if any, likelihood of success on the merits of his claim, he has failed to carry his burden of proof.  Plaintiff has also failed to establish that any arguable injury done to his campaign outweighs the harm done the public by preliminary enjoining the State of Wisconsin from enforcing Rule 60.06(4).

## A. Likelihood of Success

Plaintiff's only hope of success hinges on his assertion that his circumstances are distinguishable from those in *Siefert*.  Plaintiff argues that the impartiality and corruption concerns supporting Rule 60.06(4)'s prohibition on judicial candidate's personal solicitation addressed in *Siefert* do not apply to him, because as a judicial candidate seeking to qualify for public financing under Wisconsin law he would be limited to accepting only contributions between $5 and $100.  As stated in his complaint, plaintiff does not believe that a Supreme Court Justice "could be corrupted by a $5, a $15 or even

a $100 contribution."   (Compl., dkt. #6, ¶ 28.)   This understates the reach of the Seventh Circuit's holding on the constitutionality of Rule 60.06(4) in *Siefert*.

In *Siefert*, 608 F.3d at 990, the Seventh Circuit recognized that the solicitation ban impaired a judicial candidate's speech, including reaching "solicitations that do not implicate the risk of a quid pro quo," but found that Rule 60.06(4)'s solicitation ban "is drawn closely enough to the state's interest in preserving impartiality and preventing corruption to be constitutional."  As the Seventh Circuit explained:

> to the extent that the ban affects, at the margins, some solicitations that do not pose a risk to impartiality, that impact is not fatal to the ban.  Just as the state may enact a contribution limit, rather than ask of each individual contribution whether it poses the risk of corruption, the state may enact a ban on direct solicitations, a ban tailored to the specific behavior that poses the greatest risk.

*Id.*

Further, the Seventh Circuit noted that "the ban's effect on innocuous contributions is small because the judge's campaign committee remains free to solicit those individuals."  *Id.*  In other words, plaintiff's argument that Rule 60.06(4) creates an unconstitutional violation of free speech because the solicitations he would personally make and the campaign contributions he would personally accept are of such minimal value, or so innocuous, as not to implicate the risk of a quid pro quo was already considered and rejected by the Seventh Circuit.[1]

About two months after *Seifert* was decided, the Seventh Circuit affirmed the constitutionality of bans on personal solicitations by judges and judicial candidates in

---

[1]  Plaintiff also contends that the rule violates his freedom to associate.  The court explained why that argument fails in its order denying his motion for reconsideration (dkt. #28 at 2).  Plaintiff has made no new arguments regarding this claim and, thus, the court will not revisit the issue.

*Bauer v. Shepard*, No. 09-2963, 2010 WL 3271960 (7th Cir. Aug. 20, 2010).  In *Bauer*, the Seventh Circuit considered whether Indiana's ban on judges' and judicial candidates' personal solicitation or acceptance of campaign contributions could extend to "family members and former classmates at college and law school" without violating the First Amendment.  2010 WL 3271960, at *4.  The Seventh Circuit reasoned that just because the judge or candidate went to school with potential donors did not mean that a risk to impartiality would be removed:  "[t]he potential for actual or perceived mutual back scratching, or for retaliation against attorneys who decline to donate, discussed in *Seifert*, is the same whether or not the judge knows the potential donor's first name."  *Id.*  Further, the court recognized that although direct solicitation of close family members poses less risk of compromising the court's impartiality, "[l]aws need not contain exceptions for every possible situation in which the reasons for their enactment are not present."  *Id.*

The Seventh Circuit also noted the Sixth Circuit's decision in *Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010), that a personal solicitation rule was unconstitutionally overbroad because it covered mass mailings as opposed to in-person solicitations.  The distinction drawn in *Carey* between in-person and written, mass mailed solicitations was not drawn by the parties before it and, thus, the Seventh Circuit did not need to address that issue.  *Bauer*, at *5.[2]

Here, plaintiff does not challenge the constitutionality of Rule 60.06(4) because of any prohibition on his solicitation of family members or use of mass mailings, but rather

[2] The Seventh Circuit also recognized that there is a conflict among the federal circuit courts of appeals regarding personal solicitation rules for judges and judicial candidates, and explained that "[n]othing we can do here could create harmony among the circuits, so there is no reason to depart from the approach taken so recently in [*Seifert*]."  *Bauer*, at *5.

due to the bar on his desire to engage in face-to-face solicitation of any and all possible voters.  Given the nature of plaintiff's claim, both *Siefert* and *Bauer* undermine any likelihood of plaintiff succeeding.

Plaintiff's argument that his seeking to qualify for public financing necessarily avoids corruption and preserves impartiality -- even if he personally solicits and accepts campaign contributions in violation of the Rule -- confuses the impartiality concerns surrounding a position in the judiciary with those surrounding a seat in the legislature at best and misreads *Seifert* at worst.  In *Seifert*, the Seventh Circuit decided that a judge's or judicial candidate's engagement in personal solicitation "*itself* presents the greatest danger to impartiality and its appearance."  608 F.3d at 990 (emphasis added).  While people do not expect candidates running to serve in the legislature to advocate impartially once in office, they do expect judges to rule in a neutral and impartial manner once seated on the bench.  *Id.* at 989 n.6.

Despite Winnig's efforts to equate the two, running for a position in the judiciary is not the same as running for one in the legislature.  If nothing else, a judicial candidate's direct solicitation of money from someone who may later appear before the judge as a party or lawyer does damage to the appearance of impartiality.  *See Seifert*, 608 F.3d at 989-90 ("the appearance of and potential for impropriety is significantly greater when judges directly solicit contributions than when they raise money by other means").  Indeed, the Seventh Circuit concluded that "the solicitation ban [in Rule 60.06(4)] is drawn closely enough to the state's interest in preserving impartiality and preventing corruption to be constitutional" even though it prohibits (1) "innocuous contributions," (2) "some solicitations that do not pose a risk to impartiality," and (3) "solicitations that

do not implicate the risk of a quid pro quo, such as solicitations directed at family members." *Id.* at 990.

While another circuit court has reached a different conclusion with respect to a solicitation ban, the Seventh Circuit's ruling is *Seifert* is binding on this court.[3]  Because plaintiff's case is indistinguishable from *Seifert* in any material respect, his likelihood of success on the merits is negligible, and his request for a preliminary injunction is doomed.

### B.  Balance of Harms

Additionally, Winnig provides no new evidence or argument demonstrating that any harm he would suffer outweighs the harm to the public.  The rule at issue bans only direct personal solicitation by Winnig.  While Winnig wants to convey the "campaign message" that he has "the energy, creativity, and dedication . . . to raise all the necessary funds, totally on his own," even he acknowledges that the direct solicitation ban will not prevent him from raising the necessary funds to obtain public financing by using other methods, such as a campaign committee.  (Am. Compl., dkt. #6, ¶¶ 20-21.)  This recognition alone lightens the harm he or any of his supporters would suffer.  And any limit placed on "the energy, creativity and dedication" of his campaign message by not

---

[3]  The Court of Appeals for the Eighth Circuit recently found that Minnesota's ban on a judicial candidate's personal solicitation -- which is similar in some respects to Wisconsin's -- was an unconstitutional restriction on the candidate's free speech because it was not narrowly tailored to the state's interest in an impartial judiciary or its appearance.  *Wersal v. Sexton*, 613 F.3d 821, 840 (8th Cir. 2010).  The Eighth Circuit explained that it was not the solicitation but the resulting contribution which created the risk to impartiality.  *Id.*  This reasoning is in direct conflict with the Seventh Circuit's reasoning in *Seifert*, 608 F.3d at 990 ("the personal solicitation itself presents the greatest danger to impartiality and its appearance").  This is why Circuit Judge Bye dissented from the opinion in *Wersal*, at 853, siding with the Seventh Circuit and noting that "no matter what course of action the potential donor chooses, the appearance of judicial impartiality is diminished" by the personal solicitation.

being able to raise funds all by himself can be wholly, or at least partially, overcome by his enthusiastically and creatively campaigning in all other respects.

Conversely, the harm his requested injunction may have on the public interest weighs heavily against granting his request.  As the Seventh Circuit noted in *Siefert*, the direct solicitation ban serves "the state's interest in preserving impartiality and preventing corruption[.]"  *Seifert*, 608 F.3d at 990.  The court remains unpersuaded that Winnig's personal need to fundraise in a specific way outweighs the potential harm that would arise from enjoining the enforcement of a rule that serves a public interest so important the Seventh Circuit has twice found it sufficient to support a governmental limit on free speech.

ORDER

IT IS ORDERED that:

(1)     plaintiff Joel Winnig's motions for oral argument (dkt. #24) and an evidentiary hearing (dkt. #26) are DENIED; and

(2)     plaintiff's motion for a preliminary injunction (dkt. #9) is also DENIED.

Entered this 18th day of October, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8